**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

**UNITED STATES OF AMERICA,**

v.                                                                     **CRIMINAL ACTION NO. 4:26-cr-7**

**JAMES ISAAC GUINSLER,**

      **Defendant.**

**MEMORANDUM OPINION & ORDER**

Before the Court is Defendant James Isaac Guinsler's ("Defendant") Motion to Suppress. Defendant moves this Court to suppress all evidence seized as a result of what he alleges was an unconstitutional search of his personal electronic devices. ECF No. 17.

On January 12, 2026, Defendant was indicted on four counts of Coercion and Enticement of a Child in violation of 18 U.S.C. § 2422(b) and one count of Possession of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2)). ECF No. 1. Defendant filed this Motion to Suppress on February 17, 2026. ECF No. 17. The Government filed a response in opposition on March 1, 2026. ECF No. 18. On March 24, 2026, the Court held a hearing on this matter. For the reasons discussed below, Defendant's Motion to Suppress is **DENIED.**

**I. BACKGROUND**

In May 2024, the York-Poquoson Sheriff's Office ("YPSO"), received a CyberTipline Report of a Snapchat user's suspected sharing of two images of child sexual abuse material ("CSAM"). ECF No. 18-1 at 5. The images were shared over the Snapchat social media application on or about April 29, 2024. *Id.* The CyberTip reported that the images were shared by a Snapchat user account associated with a phone number ending -3878, a Virginia IP address, and an iCloud

1

email address. *Id.* The YPSO connected the phone number to Defendant through their law enforcement database, and through subpoenas served to T-Mobile. *Id.* at 6.

The YPSO subsequently sought and received search warrants for the Snapchat account and the Apple iCloud account associated with the iCloud email address. ECF Nos. 17-2, 17-3. Both warrants limited the searches to data from April 1, 2024, to May 31, 2024. *Id.* These searches revealed what appeared to be conversations that were sexual in nature between Defendant and "multiple other females who identified themselves as juveniles." ECF No. 18-1 at 8.

On October 22, 2024, based on Defendant's military status, YPSO reported this information to the Department of the Army Criminal Investigation Division (DACID). *Id.* at 7. Based on an affidavit submitted by Special Agent May of the DACID, a military magistrate judge issued a search warrant authorizing the search of Defendant's residence at Joint Base Langley Eustis and his vehicles (for personal electronic devices) and any seized devices (for "messages, chats, emails, application data, user data, web content, images, and video's in active/inactive files to include deleted files/folders and any other information pertaining to this investigation"). *Id.* at 2. The military search authorization also authorized the search of "[a]ll records on the [Personal Electronic Devices] described in Attachment that relate to violations of Title 18, United States Code, Sections 2252, 2252A, and Articles 134, UCMJ...." *Id.* at 13.

## II. LEGAL STANDARD

In deciding a motion to suppress, the district court is empowered to make findings of fact, and conclusions of law. *United States v. Stevenson*, 396 F.3d 538, 541 (4th Cir. 2005) (citations omitted). "At a hearing on a motion to suppress, the credibility of the witness and the weight to be given the evidence, together with the inferences, deductions and conclusions to be drawn from the evidence, are all matters to be determined by the trial judge." *United States v. McKneely*, 6

2

F.3d 1447, 1452-53 (10th Cir. 1993); *see United States v. Massey*, 257 F. App'x 662, 664 (4th Cir. 2007); *Columbus-Am. Discovery Group v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 567 (4th Cir. 1995). As a general rule, the burden of proof is on the defendant who seeks to suppress the evidence. *United States v. Dickerson*, 655 F.2d 559, 561 (4th Cir. 1981). Once the defendant establishes a basis for his suppression motion, the burden shifts to the government. *United States v. Matlock*, 415 U.S. 164, 177-78 n.14 (1974).

## III. DISCUSSION

### A. Fourth Amendment Particularity Requirement

Defendant contends that the military search authorization in this case failed to set any temporal restrictions on the search of Defendant's personal electronic devices, in violation of the particularity requirement of the Fourth Amendment. ECF No. 17 at 1. In opposition, the Government argues that the search warrant for Defendant's electronic devices establishes probable cause and particularity, and even if the Court found the search warrant invalid, suppression is unwarranted because law enforcement acted in good faith. ECF No. 18 at 6.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Generally, law enforcement must secure a warrant supported by probable cause before conducting a search of a person's personal property. *See Carpenter v. United States*, 585 U.S. 296, 304 (2018) (citing *Carroll v. United States*, 267 U.S. 132, 149 (1925)). "[N]o Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The Fourth Amendment "governs whether evidence is admissible in federal criminal proceedings" even when the search was conducted by military officials. *United States v. Seerden*, 916 F.3d 360, 365 (4th Cir. 2019).

3

"In addition to the requirement that a search warrant be supported by probable cause, the warrant must particularly describe the place where the search will occur and the 'persons or things to be seized.'" *Owens ex rel. Owens v. Lott*, 372 F.3d 267, 274 (4th Cir. 2004). "By limiting the authorization to search to the specific areas and things for which there is probable cause to search, the requirement ensures that the search...will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit." *Maryland v. Garrison*, 480 U.S. 79, 84 (1987). The Fourth Amendment's particularity requirement means "the executing officer reasonably can ascertain and identify from the warrant the place to be searched and the items to be seized." *United States v. Blakeney*, 949 F.3d 851, 859 (4th Cir. 2020) (citing *United States v. Owens*, 848 F.2d 462, 463 (4th Cir. 1988)).

The Court finds that the military search authorization satisfied the Fourth Amendment's particularity requirement by limiting the scope of the search to information pertaining to the offensive conduct, and even if the warrant lacked particularity, the law enforcement officers relied in good faith on an objectively reasonable search warrant.

The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"), has recognized that "where a warrant does not otherwise describe the evidence to be seized, that gap can be filled, at least sometimes, if the warrant instead specifies the relevant offense." *Blakeney*, 949 F.3d at 862-863; *see also United States v. Dickerson*, 166 F.3d 667, 693-694 (4th Cir. 1999) (upholding warrant authorizing officers to seize "[e]vidence of the crime of bank robbery"), *rev'd on other grounds, Dickerson v. United States*, 530 U.S. 428 (2000); *United States v. Jones*, 31 F.3d 1304, 1313 (4th Cir. 1994) (upholding constitutionality of warrant that "confine[d] the executing inspectors' discretion by allowing them to seize only evidence of a particular crime").

4

Here, the warrant was limited to all records on Defendant's electronic devices that relate to the offenses that he has been charged with. ECF No. 17-1 at 13 ("All records on the [Personal Electronic Devices] described in Attachment that relate to violations of Title 18, United States Code, Sections 2252, 2252A, and Articles 134, UCMJ..."). This limitation was appropriate given the nature and circumstances of the offensive conduct. The CyberTip information received by the YPSO alleged that Defendant shared two images of CSAM on April 29, 2024. ECF No. 17-1 at 7. Thus, the Snapchat and iCloud warrants issued by the state limited the searches to data from April 1, 2024, to May 31, 2024. *See* ECF Nos. 17-2 at 1; 17-3 at 1. These searches revealed what appeared to be conversations that were sexual in nature between Defendant and "multiple other females who identified themselves as juveniles." ECF No. 17-1 at 8. This information indicated possible ongoing criminal behavior outside of the April 2024 window. Therefore, while placing a temporal limitation was appropriate for the state issued warrants, the additional evidence uncovered by investigators obviated a need to broaden the scope of the search. Additionally, Special Agent May ("SA May") indicated in his affidavit that based on the nature of the offense and the characteristics of those who commit such offenses, a forensic examination often recovers deleted files, digital footprints, and viewing history. ECF No. 18-1 at 6-10. According to SA May, this information is also necessary to examine the forensic evidence in its proper context, determine how a device was used, or establish that "a particular thing is not present on a storage medium." *Id.* at 8-10. Thus, "[t]he references to particular crimes in the challenged search warrant here 'adequately distinguished between the materials to be searched and seized and those which were to be left undisturbed by law enforcement.'" *United States v. Kamara*, 2023 WL 8357946 at *8 (E.D. Va. Dec. 1, 2023).

5

The Fourth Circuit has also held that a validly issued warrant "impliedly authorize[s] officers to open each file on the computer and view its contents, at least cursorily, to determine whether the file fell within the scope of the warrant's authorization-*i.e.*, whether it related to the designated...crimes." *United States v. Cobb*, 970 F.3d 319, 329 (4th Cir. 2020) (quoting *United States v. Williams*, 592 F.3d 511, 521-522 (4th Cir. 2010)). Further, "officers cannot be expected 'to predict the items of evidence that an electronic search will uncover or predict where on the computer the evidence will be found.'" *Kamara*, 2023 WL 8357946 at *8 (citing *United States v. Bolling*, 2023 WL 5616188 at *6 (S.D.W. Va. Aug. 30, 2023)). Therefore, because the military search authorization was supported by probable cause and satisfies the particularity requirement, law enforcement's broad search of the data in Defendant's electronic devices does not violate the Fourth Amendment.

### B. Good Faith Exception

Finally, even if the warrant lacked particularity, suppression of the evidence obtained is not appropriate because the law enforcement officers relied in good faith on an objectively reasonable search warrant. Suppression is not warranted where officers rely in good faith on an objectively reasonable search warrant issued by a neutral and detached judge. *See United States v. Leon*, 468 U.S. 897, 922 (1984). "[P]enalizing the officer for the magistrate's error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations." *Id.* at 921. The objective standard requires the Court to determine "whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *Id.* at 922, n.23. The Supreme Court has noted that "suppression of evidence obtained pursuant to a warrant should be ordered only on a case-by-case basis and only in those unusual cases in which exclusion will further the purposes of the exclusionary rule." *Id.* at 918. The Court in *Leon* identified only

four circumstances in which exclusion of evidence seized pursuant to a warrant is appropriate: (1) where the issuing magistrate was misled by the inclusion of knowing or recklessly false information; (2) where the issuing magistrate wholly abandoned the "detached and neutral judicial role"; (3) where the warrant is facially deficient as to its description of the place to be searched or the things to be seized; or (4) where the affidavit upon which the warrant is based is "so lacking in indicia of probable cause that no reasonable officer could rely on it in good faith." *Id.* at 923 (internal quotations and citations omitted).

Here, none of the four circumstances apply to the military search authorization and Defendant does not proffer any arguments to the contrary. SA May explained in his affidavit why a search of Defendant's devices was necessary based on his experience with individuals who have been charged with such offenses. ECF No. 18-1 at 7-8. He explained that there is probable cause to believe that evidence once stored on the devices are still stored there, that even deleted files from months or years ago can be recovered through forensic analysis, and that contextual evidence necessary to understand other evidence falls within the scope of the warrant. *Id.* at 9-10. The Special Agent could reasonably surmise that the military search authorization's lack of a temporal limitation, was intended to ensure that evidence that may have been deleted or necessary contextual evidence was not placed outside the scope of the search authorization. Therefore, the Court finds that even if the military search authorization violated the Fourth Amendment particularity requirement, the officer acted in good faith. For the reasons stated above, Defendant's Motion to Suppress is **DENIED**.

7

## IV. CONCLUSION

For the reasons stated on the record and discussed above, Defendant's Motion to Suppress is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and the United States Attorney.

**IT IS SO ORDERED**.


Newport News, Virginia
March 25, 2026

Raymond A. Jackson
United States District Judge

8